U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 2 1 2005

ROBERT H. SHEMWELL, CLERK
BY_____
              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SCOTT H. LOYD and TEXIE LEIGH LOYD | CIVIL ACTION NO. 03-0757-S |
| VERSUS | JUDGE HICKS |
| HARRAH'S SHREVEPORT/BOSSIER CITY HOLDING COMPANY, L.L.C., ET AL | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court are two motions for summary judgment. Defendants Harrah's Shreveport/Bossier City Investment Company, L.L.C. and Cedric Caldwell (collectively referred to as "Harrah's") filed for summary judgment on the theory of judicial estoppel, also contending that Texie Loyd's loss of consortium claim should be dismissed because it is derivative of the barred claims. [Doc. No. 41]. Defendants City of Shreveport, James N. Roberts, Jr. and Cpl. S.D. Willis (collectively referred to as "COS") filed for summary judgment on multiple grounds which can be summarized as: (1) judicial estoppel and (2) merits based issues. [Doc. No. 43]. Plaintiffs Scott H. Loyd and Texie Leigh Loyd ("Loyd") oppose both motions. [Doc. No. 47]. For the reasons which follow, the Court grants both motions for summary judgment because Plaintiffs' claims are barred by judicial estoppel.

## FACTUAL BACKGROUND

Plaintiff Scott H. Loyd was arrested on April 28, 2002, after a disturbance at Harrah's Casino. Loyd contends his wrist and shoulder were injured during the course of the detention and arrest. Loyd filed suit in this Court on April 28, 2003, against Harrah's and the City of Shreveport as well as the individual defendants. [Complaint, Doc. No. 1].

Almost a year later on April 14, 2004, Loyd filed for bankruptcy in the Northern District of Texas. [Chapter 7 Petition, Bankr. N.D. TX, Docket No. 04-43839]. The suit filed in this Court was not disclosed during the bankruptcy proceedings. [Exhibit 5]. Loyd was granted a discharge on July 14, 2004. [Harrah's Exhibit B].

On September 21, 2004, the bankruptcy trustee filed "Motion to Re-open Case" because of the pending litigation in this court. [COS Exhibit 5]. According to the motion a 'friend of the court' notified the bankruptcy court and a creditor of the pending claims before this Court. [Id.]. The bankruptcy court granted the motion to reopen on October 25, 2004. [Doc. No. 13, Bankr. N.D. TX, Docket No. 04-43839]. On December 30, 2004, the bankruptcy court granted Joseph Clark's Application to Employ as Special Counsel for the specific purpose of representing the plaintiff in this case. [Id. at Doc. No. 18].

All defendants have filed motions for summary judgment asserting that the doctrine of judicial estoppel bars Plaintiffs' claims and, therefore, the Court should dismiss this case. There are no questions of fact that are material to applying judicial estoppel in this case. Summary judgment is therefore proper.

## LAW AND ANALYSIS

All defendants agree that the Fifth Circuit's ruling in the case In Re: Superior Crewboats, Inc. v. Primary P&I Underwriters, et al, 374 F.3d 330 (5th Cir. 2004) is dispositive of this case. The In Re: Superior Crewboats court found that judicial estoppel applied in a case very similar to this one. Most significantly, the court remarked that the purpose of the doctrine of judicial estoppel is to protect the judicial system, not the litigants. Id. at 334.

There are three requirements for invoking judicial estoppel in the Fifth Circuit: (1) the party's position must be clearly inconsistent with the previous one; (2) the court must have accepted the previous inconsistent position; and (3) the non-disclosure must not have been inadvertent. Id. In this matter, all three of these requirements are met. First, Loyd clearly took inconsistent positions by not disclosing this litigation to the bankruptcy court even though it was pending when he filed his Chapter 7 Voluntary Petition. The claim and litigation pre-existed the bankruptcy and Loyd had a duty to disclose that information to the bankruptcy court. Id.

Second, the bankruptcy court adopted Loyd's representations that he had no pending litigation when it granted his "no asset discharge." See, In re: Superior Crewboats, 374 F.3d at 335. Adoption may be met by the bankruptcy court's discharge based on the debtors contentions. Id. Third, the non-disclosure was not inadvertent. In order to be inadvertent, the debtor must lack knowledge of the claims or have no motive to conceal them. Id.; see also, Browning Mfg. v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197, 210 (5th Cir. 1999). Loyd filed suit in this court prior to his filing of the bankruptcy petition, therefore he can not assert lack of knowledge. He also had motive

to conceal this litigation. If he recovered on his claims, Loyd would not have been required to give any potential monetary award to his creditors. Furthermore, Loyd admits that the concealment was "not inadvertent." [Loyd's Statement of Contested Facts, ¶ 1, Doc. No. 47].

Plaintiff's only argument is an attempt to distinguish this case from In Re: Superior Crewboats. The Superior Crewboats plaintiffs partially disclosed their lawsuit at the Section 341 creditors' meeting conducted during the course of their bankruptcy proceedings. The plaintiffs told the creditors that their claims were prescribed. The bankruptcy court granted a no asset discharge. Loyd argues that the Trustee in this matter did not have an opportunity to assess the viability of Loyd's claims distinguishing this case from In Re: Superior Crewboats because the trustee in that case did have knowledge of the claim and did not investigate it further. Plaintiff argues that Loyd's creditors should be allowed the opportunity to benefit from any potential recovery from this suit.

Plaintiffs' argument is equitable in nature. Unfortunately for Loyd's creditors, the doctrine of judicial estoppel protects the court system, not the creditors. In re: Superior Crewboats, 374 F.3d at 334. The Fifth Circuit case law is clear. The court system will not encourage debtors to take a chance and not disclose assets knowing that if they are caught the bankruptcy can be reopened. The judicial system should not be abused in this manner. Therefore, the Court finds that the defendants have shown that judicial estoppel is appropriate in this matter.

CONCLUSION

The Court finds that the plaintiffs' claims are barred by judicial estoppel. Both motions for summary judgment are granted. Texie Loyd's claim of loss of consortium is also dismissed as it is derivative of Scott Loyd's claims. The Court does not make any findings on the merits based portions of COS's motion for summary judgment. Those portions of the COS motion are denied as moot.

Therefore:

**IT IS ORDERED** that Defendants Harrah's Shreveport/Bossier City Investment Company, L.L.C. and Cedric Caldwell motion for summary judgment [Doc. No. 41] shall be **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants City of Shreveport, James N. Roberts, Jr. and Cpl. S.D. Willis motion for summary judgment [Doc. No. 43] shall be **GRANTED** on the basis of judicial estoppel; the remainder of the motion shall be **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims shall be **DISMISSED WITH PREJUDICE**.

Shreveport, Louisiana, this 18th day of November, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE